John Eric SANDLES, Petitioner,

v.

Willie J. SCOTT, Respondent.

No. Civ.A. 1:98CV2483TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 6, 1998.

John Eric Sandles, Atlanta, GA, petitioner pro se.

## ORDER

THRASH, District Judge.

This is a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. Petitioner

pleaded-guilty to bank larceny in the United States District Court for the Eastern District of Wisconsin. He appealed his sentence on various guidelines issues. The Court of Appeals for the Seventh Circuit affirmed. *United States v. Sandles,* 80 F.3d 1145 (7th Cir.1996). Several 28 U.S.C. § 2255 motions have been filed and denied. Petitioner makes the same arguments in this habeas corpus action that he made in his direct appeal and in the postconviction proceedings in the Eastern District of Wisconsin. This action is before the Court on the Report and Recommendation of the Magistrate Judge recommending that the Petition be construed as a motion pursuant to 28 U.S.C. § 2255 and that the case be transferred to the United States District Court for the Eastern District of Wisconsin. For the reasons set forth below, the Court declines to follow the recommendation of the Magistrate Judge.

The usual vehicle for a federal prisoner to challenge his conviction and confinement is a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The Section 2255 procedure was adopted in order to change the venue of postconviction proceedings from the district of incarceration to the district in which the prisoner had been sentenced. The Antiterrorism and Effective Death Penalty Act of 1996 amended Section 2255 to impose certain restrictions upon successive motions. As amended, Section 2255 now provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. If this action is construed as a Section 2255 motion, it should be dismissed for failure to comply with the certification procedure set forth in 28 U.S.C. § 2244. The Petition on its face shows that Petitioner has filed multiple Section 2255 motions, all of which have been denied. The

Court sees no purpose to be served by transferring this case to another district court which would be compelled to dismiss the Petition.

In addition, it is clear that Petitioner seeks relief by means of habeas corpus rather than under Section 2255. As previously noted, the Antiterrorism Act amendments to Section 2255 preclude the initiation in the district court of a Section 2255 motion without previous certification by the court of appeals. This case raises the issue of whether the Petitioner can avoid the certification requirement of the Antiterrorism Act by bringing an action seeking the writ of habeas corpus pursuant to 28 U.S.C. § 2241. When Section 2255 was amended, the Congress left undisturbed the following provision:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Petitioner contends that his remedy of a Section 2255 motion is "inadequate or ineffective" because the claims asserted in this habeas corpus action have already been ruled upon adversely to him in a Section 2255 proceeding. Therefore, a Section 2255 motion will be dismissed on the grounds of *res judicata,* application of the successive petition certification requirement and the one year statute of limitations.

There are now several decisions of the courts of appeals that address the issue raised by Petitioner's argument. In *Triestman v. United States,* 124 F.3d 361 (2nd Cir.1997), the Second Circuit engaged in an extensive analysis of the effect of the Antiterrorism Act upon Section 2255, the continued availability of habeas corpus relief pursuant to Section 2241 and the Suspension–Clause of the Constitution. The court concluded that habeas corpus relief is available to federal prisoners in a relatively few circumstances. The court held:

By construing the habeas-preserving paragraph of § 2255 to provide that habeas corpus remains available to federal prisoners when § 2255 is not available and when the failure to allow for some form of collateral review would raise serious constitutional questions, we do just that. Specifically, in the case before us, we avoid deciding whether the [the Antiterrorism Act] would be unconstitutional if it denied Triestsman a judicial forum. And more generally, we encourage the district courts to continue to find that habeas corpus may be sought whenever situations arise in which a petitioner's inability to obtain collateral relief would raise serious questions as to § 2255's constitutionality. We believe that this interpretation is both the best and the most restrained way to give meaning to the words "inadequate or ineffective to test the legality of [the prisoner's] detention." Because the cases in which serious questions as to § 2255's constitutional validity are presented will be relatively few, our interpretation does not permit the ordinary disgruntled federal prisoner to petition for habeas corpus. Nor, however, does it keep the courts closed in cases where justice would seem to demand a forum for the prisoner's claim in so pressing a fashion as to cast doubt on the constitutionality of the law that would bar the § 2255 petition. In reaching this result, we therefore respect Congress' intent to streamline collateral review and to discourage repetitive and piecemeal litigation, while at the same time we give meaning to Congress' express decision (reaffirmed in the [Antiterrorism Act]) to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it.

*Id.* 124 F.3d at 377–378. The Third Circuit reached a similar conclusion, holding that habeas relief is available in the unusual circumstance of a "complete miscarriage of justice." *In re Dorsainvil,* 119 F.3d 245, 251 (3rd Cir.1997). The court specifically held that Section 2255 relief is not inadequate or ineffective merely because the petitioner "is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* The Seventh Circuit also addressed these issues in *In re Davenport,* 147 F.3d 605 (7th Cir.1998). The court concluded that habeas corpus relief is available to a federal prisoner under limited circumstances. It declined to adopt the standard articulated by either the Second Circuit or the Third Circuit. The court held:

A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense. It could indeed, though this we need not decide, be thought an inadequacy of constitutional dimensions.

*Id.* at 611.

This Court agrees with the analysis of *Triestman, Dorsainvil* and *Davenport* that habeas corpus relief remains available for federal prisoners in limited circumstances. The fact that a previous Section 2255 motion has been denied on the merits does not mean that Section 2255 relief is ineffective or inadequate. It is not necessary in this case to articulate the precise circumstances under which a federal prisoner may seek habeas relief pursuant to Section 2241. Applying any of the standards that have been adopted in similar cases leads to the inexorable conclusion that Petitioner is not entitled to habeas relief in this case. His Section 2255 motion was heard and denied on the merits. "He had an unobstructed procedural shot at getting his sentence vacated." *Davenport,* 147 F.3d at 609. Petitioner is simply an "ordinary disgruntled federal prisoner." *Triestman,* 124 F.3d at 378. This is obvious on the face of the Petition and no hearing is necessary. *See* 28 U.S.C. § 2243. Accordingly, the Petition for a Writ of Habeas Corpus is DISMISSED.